Case 1:20-cr-00521-CM   Document 45-1   Filed 10/21/20   Page 1 of 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>JAMES CAHILL,<br>CHRISTOPHER KRAFT,<br>PATRICK HILL,<br>MATTHEW NORTON,<br>WILLIAM BRIAN WANGERMAN,<br>KEVIN MCCARRON,<br>JEREMY SHEERAN,<br>  a/k/a "Max,"<br>ANDREW MCKEON,<br>ROBERT EGAN,<br>SCOTT ROCHE, and<br>ARTHUR GIPSON,<br><br>        *Defendants.* | **Protective Order**<br><br>**20 Cr. 521 (CM)**<br><br> |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged

individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Materials to be produced by the Government and which contain Sensitive Disclosure Material may be designated as "Sensitive Disclosure Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Sensitive Disclosure Material." The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any

2

disclosure material or Sensitive Disclosure Material on any Internet site or network site[1] to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to: (a) the defendants for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

7. Sensitive Disclosure Material may be disclosed by counsel to defendants and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defepnding this action; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible (except when a defendant is reviewing Sensitive Disclosure Material at counsel's office); and shall not be copied or otherwise recorded by the defendants.

8. The Government may authorize, in writing, disclosure of disclosure material and Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

---

[1] This does not prohibit counsel for any defendant from using secure private web services, such as "Drop Box," to store disclosure material or Sensitive Disclosure Material, provided that the only people with access to such services are those authorized herein to receive disclosure material or Sensitive Disclosure Material, or to transfer such material to such authorized recipients.

9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Disclosure and Protection of Seized ESI

10. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various cell phones, cloud services, and email accounts belonging to, among others, the defendants.

11. Upon consent of all counsel (except for counsel for Defendant Jeremy Sheeran), the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order. This paragraph does not apply to Defendant Jeremy Sheeran.

12. This Order places no restriction on a defendant's use or disclosure, or the use or disclosure by that defendant's counsel, of ESI that originally belonged to the defendant.

4

13. Nothing in this Order prevents defense counsel from distributing any of the protected materials in this Order, including ESI disclosure material, to or with a co-defendant's counsel pursuant to a joint defense agreement, if the co-defendant's counsel has signed this Order.

### Return or Destruction of Material

14. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

15. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

## Retention of Jurisdiction

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

ILAN T. GRAFF
Attorney for United States
Acting Under Authority Conferred by 28 U.S.C. § 515

by: _____          Date:  __10/21/2020__
Jason M. Swergold
Danielle R. Sassoon
Jun Xiang
Laura de Oliveira (SAUSA)
Assistant United States Attorneys


_____          Date: _____
Sanford Talkin, Esq.
Counsel for James Cahill


_____          Date: _____
Edward Sapone, Esq.
Counsel for Christopher Kraft


_____          Date: _____
Alberto Ebanks, Esq.
Counsel for Patrick Hill


_____          Date: _____
James Froccaro Jr., Esq.
Counsel for Matthew Norton

6

## Retention of Jurisdiction

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____    Date: _____
Jason M. Swergold
Danielle R. Sassoon
Jun Xiang
Laura de Oliveira (SAUSA)
Assistant United States Attorneys

_____    Date: 10/19/20
Sanford Talkin, Esq.
Counsel for James Cahill

_____    Date: _____
Edward Sapone, Esq.
Counsel for Christopher Kraft

_____    Date: _____
Alberto Ebanks, Esq.
Counsel for Patrick Hill

_____    Date: _____
James Froccaro Jr., Esq.
Counsel for Matthew Norton

6

## Retention of Jurisdiction

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____        Date: _____
    Jason M. Swergold
    Danielle R. Sassoon
    Jun Xiang
    Laura de Oliveira (SAUSA)
    Assistant United States Attorneys


_____        Date: _____
Sanford Talkin, Esq.
Counsel for James Cahill


*Edward V. Sapone*        Date: 10/20/2020
Edward Sapone, Esq.
Counsel for Christopher Kraft


_____        Date: _____
Alberto Ebanks, Esq.
Counsel for Patrick Hill


_____        Date: _____
James Froccaro Jr., Esq.
Counsel for Matthew Norton

6

## Retention of Jurisdiction

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____     Date: _____
    Jason M. Swergold
    Danielle R. Sassoon
    Jun Xiang
    Laura de Oliveira (SAUSA)
    Assistant United States Attorneys


_____     Date: _____
Sanford Talkin, Esq.
Counsel for James Cahill


_____     Date: _____
Edward Sapone, Esq.
Counsel for Christopher Kraft


_____/s/_____     Date: 10/19/2020
Alberto Ebanks, Esq.
Counsel for Patrick Hill


_____     Date: _____
James Froccaro Jr., Esq.
Counsel for Matthew Norton

6

## Retention of Jurisdiction

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____          Date: _____
    Jason M. Swergold
    Danielle R. Sassoon
    Jun Xiang
    Laura de Oliveira (SAUSA)
    Assistant United States Attorneys


_____              Date: _____
Sanford Talkin, Esq.
Counsel for James Cahill


_____              Date: _____
Edward Sapone, Esq.
Counsel for Christopher Kraft


_____              Date: _____
Alberto Ebanks, Esq.
Counsel for Patrick Hill


_____              Date:  10/19/20
James Froccaro Jr., Esq.
Counsel for Matthew Norton

6

| | |
|---|---|
| Jill R. Shellow *Digitally signed by Jill R. Shellow Date: 2020.10.20 13:35:49 -04'00'* | Date: _____ |
| Jill Shellow, Esq. | |
| Counsel for William Brian Wangerman | |

_____     Date: _____
Camille Abate, Esq.
Counsel for Kevin McCarron

_____     Date: _____
Evan Lipton, Esq.
Henry Mazurek, Esq.
Counsel for Jeremy Sheeran

_____     Date: _____
Jeffrey Pittell, Esq.
Counsel for Andrew McKeon

_____     Date: _____
Roland Riopelle, Esq.
Counsel for Robert Egan

_____     Date: _____
Alan Abramson, Esq.
Glenn Morak, Esq.
Counsel for Scott Roche

_____     Date: _____
John Kaley, Esq.
Counsel for Arthur Gipson

SO ORDERED:
Dated: New York, New York
       October\_\_, 2020

_____
THE HONORABLE COLLEEN MCMAHON
CHIEF UNITED STATES DISTRICT JUDGE

7

| | |
|---|---|
| _____ <br> Jill Shellow, Esq. <br> Counsel for William Brian Wangerman | Date: _____ |
| *Camille M. Abate* <br> _____ <br> Camille Abate, Esq. <br> Counsel for Kevin McCarron | Date: 10/20/2020 |
| _____ <br> Evan Lipton, Esq. <br> Henry Mazurek, Esq. <br> Counsel for Jeremy Sheeran | Date: _____ |
| _____ <br> Jeffrey Pittell, Esq. <br> Counsel for Andrew McKeon | Date: _____ |
| _____ <br> Roland Riopelle, Esq. <br> Counsel for Robert Egan | Date: _____ |
| _____ <br> Alan Abramson, Esq. <br> Glenn Morak, Esq. <br> Counsel for Scott Roche | Date: _____ |
| _____ <br> John Kaley, Esq. <br> Counsel for Arthur Gipson | Date: _____ |

SO ORDERED:
Dated: New York, New York
   October\_\_, 2020

_____
THE HONORABLE COLLEEN MCMAHON
CHIEF UNITED STATES DISTRICT JUDGE

7

_____  Date: _____
Jill Shellow, Esq.
Counsel for William Brian Wangerman


_____  Date: _____
Camille Abate, Esq.
Counsel for Kevin McCarron


_____  Date:   10/19/2020
Evan Lipton, Esq.
Henry Mazurek, Esq.
Counsel for Jeremy Sheeran


_____  Date: _____
Jeffrey Pittell, Esq.
Counsel for Andrew McKeon


_____  Date: _____
Roland Riopelle, Esq.
Counsel for Robert Egan


_____  Date: _____
Alan Abramson, Esq.
Glenn Morak, Esq.
Counsel for Scott Roche


_____  Date: _____
John Kaley, Esq.
Counsel for Arthur Gipson


SO ORDERED:
Dated: New York, New York
       October__, 2020

_____
THE HONORABLE COLLEEN MCMAHON
CHIEF UNITED STATES DISTRICT JUDGE

7

_____        Date: _____
Jill Shellow, Esq.
Counsel for William Brian Wangerman


_____        Date: _____
Camille Abate, Esq.
Counsel for Kevin McCarron


_____        Date: _____
Evan Lipton, Esq.
Henry Mazurek, Esq.
Counsel for Jeremy Sheeran


_____/s/ Jeffrey Pittell_____        Date:     10.19.20
Jeffrey Pittell, Esq.
Counsel for Andrew McKeon


_____        Date: _____
Roland Riopelle, Esq.
Counsel for Robert Egan


_____        Date: _____
Alan Abramson, Esq.
Glenn Morak, Esq.
Counsel for Scott Roche


_____        Date: _____
John Kaley, Esq.
Counsel for Arthur Gipson


SO ORDERED:
Dated: New York, New York
       October__, 2020

                                     _____
                                     THE HONORABLE COLLEEN MCMAHON
                                     CHIEF UNITED STATES DISTRICT JUDGE

7

_____  Date: _____
Jill Shellow, Esq.
Counsel for William Brian Wangerman


_____  Date: _____
Camille Abate, Esq.
Counsel for Kevin McCarron


_____  Date: _____
Evan Lipton, Esq.
Henry Mazurek, Esq.
Counsel for Jeremy Sheeran


_____  Date: _____
Jeffrey Pittell, Esq.
Counsel for Andrew McKeon


Roland G. Riopelle  *Digitally signed by Roland G. Riopelle*  Date: 10/20/2020
Roland Riopelle, Esq.
Counsel for Robert Egan


_____  Date: _____
Alan Abramson, Esq.
Glenn Morak, Esq.
Counsel for Scott Roche


_____  Date: _____
John Kaley, Esq.
Counsel for Arthur Gipson


SO ORDERED:
Dated: New York, New York
       October __, 2020

_____
THE HONORABLE COLLEEN MCMAHON
CHIEF UNITED STATES DISTRICT JUDGE

7

_____  Date: _____
Jill Shellow, Esq.
Counsel for William Brian Wangerman


_____  Date: _____
Camille Abate, Esq.
Counsel for Kevin McCarron


_____  Date: _____
Evan Lipton, Esq.
Henry Mazurek, Esq.
Counsel for Jeremy Sheeran


_____  Date: _____
Jeffrey Pittell, Esq.
Counsel for Andrew McKeon


_____  Date: _____
Roland Riopelle, Esq.
Counsel for Robert Egan

[signatures]

_____  Date: 10/19/2020
Alan Abramson, Esq.
Glenn Morak, Esq.
Counsel for Scott Roche


_____  Date: _____
John Kaley, Esq.
Counsel for Arthur Gipson


SO ORDERED:
Dated: New York, New York
       October___, 2020

_____
THE HONORABLE COLLEEN MCMAHON
CHIEF UNITED STATES DISTRICT JUDGE

7

_____          Date: _____
Jill Shellow, Esq.
Counsel for William Brian Wangerman


_____          Date: _____
Camille Abate, Esq.
Counsel for Kevin McCarron


_____          Date: _____
Evan Lipton, Esq.
Henry Mazurek, Esq.
Counsel for Jeremy Sheeran


_____          Date: _____
Jeffrey Pittell, Esq.
Counsel for Andrew McKeon


_____          Date: _____
Roland Riopelle, Esq.
Counsel for Robert Egan


_____          Date: _____
Alan Abramson, Esq.
Glenn Morak, Esq.
Counsel for Scott Roche


*/s/ John Kaley*                        Date:   10-19-20
John Kaley, Esq.
Counsel for Arthur Gipson


SO ORDERED:
Dated: New York, New York
       October 23, 2020

_____
THE HONORABLE COLLEEN MCMAHON
CHIEF UNITED STATES DISTRICT JUDGE

7