UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

-against-                                                    20 CR 521 (CM)

JAMES CAHILL, et al.,

Defendants.

------------------------------------------------------------x

## DECISION AND ORDER REGARDING SUBPOENAS

McMahon, C.J.:

The Government has informed the Court that it recently learned of Rule 17(c) subpoenas issued by counsel for defendant James Cahill (including one served on Local 638). The Government was not given notice of the service of the subpoenas and no application was made to the court for permission to serve subpoenas so far in advance of trial. (Government Letter, 1/12/2021, ECF Doc. 75). The Government takes the position – with which this court agrees -- that the subpoenas were an improper effort to use Federal Rule of Criminal Procedure 17(c) to obtain pre-trial discovery. *Id.*

The Government says it discussed this with Cahill's counsel, and counsel decided to withdraw the subpoenas, but asserted that the withdrawal "does not prevent Cahill from moving *ex parte* for issuance of future subpoenas." *Id.* Defense counsel are free to move for anything they like, and they may try to do so *ex parte*. However, they should be aware that this court, after reviewing such motions, very frequently concludes that they should not be made *ex parte* and orders that they be served on the Government. Defense counsel are ordered not to make application to the Clerk of Court for the issuance of a Rule 17(c) subpoena by an attorney that has not been authorized by the court.

Defense counsel has advised the Government that he has already received some records in response to his Rule 17(c) subpoenas. *Id*. The Government asks that the Court direct Cahill's counsel to turn over the records secured in violation of Rule 17 to the court, and destroy any copies of those materials. *Id*. This application is granted. Counsel have five business days to file with the court an affirmation on oath indicating that they have returned the documents to the subpoenaed parties and destroyed any and all copies, including copies uploaded to any electronic device or computer, and any thumb drives or externalities that may have been created to hold such documents. Failure to comply with this order will be treated as contumacious behavior.

The Government also asks that the court direct counsel for all defendants (1) to notify the Government of any extant Rule 17(c) subpoenas to the extent those subpoenas were issued without leave of the Court to proceed without notice to the Government; and (2) to notify the Government of any future Rule 17(c) absent leave from the court to proceed *ex parte*. *Id*.

For the reasons stated in the Government's letter (which the Court interprets as a motion to quash extant subpoenas not vetted by the Court), the first request is granted. Any outstanding subpoenas issued by any defendant in this case are quashed. Counsel for defendants must provide the Government and the court, within five business days, with a list of all subpoenas served, together with proof that the subpoenas have in fact been withdrawn. Any subpoenaed party must be served with a copy of this order by the lawyers who issued the subpoenas.

The Government's second request was dealt with earlier in this order.

It is very early on in this case. As we move closer to trial, defendants will inevitably be asking the court to authorize additional subpoenas. For this reason, it is important that defense counsel understand that this court does not countenance the issuance of Rule 17(c) subpoenas for purposes of discovery, and will not simply "so order" defense subpoenas and then deal with the propriety of the subpoena on a motion to quash. Allowing subpoenas to issue for documents

when it is obvious that they are being issued to obtain discovery from third parties outside of Rule 16, and then dealing with the matter on a motion to quash, is not an adequate way of assuring that such subpoenas are not abused or used for impermissible discovery. *See United States v. Weisman*, 2002 WL 1467845 (S.D.N.Y. July 8, 2002) (PKL).

While Rule 17(c) does not explicitly require a party to make a motion to secure issuance of a subpoena returnable before trial, the use of a motion to invoke the court's discretion in advance of issuing such a subpoena has been recognized by many courts as an "orderly and desirable procedure and one frequently followed." *Id.* Since a proponent/defendant of a subpoena will be required to show compliance with the requirements set forth in *United States v. Nixon*, 418 U.S. 683, 700 (1974),[1] the Court will allow *ex parte* applications **only** where the proponent/defendant can demonstrate to the Court's satisfaction that he would be required to prematurely disclose trial strategy, witness list, or other privileged information in its application. *Id.*

This constitutes the decision and order of the Court.

January 13, 2021

                                                    Colleen McMahon
                                                    Chief Judge

---

[1] In order to obtain documents prior to trial, the party making the request must demonstrate: (1) that the documents sought are evidentiary and relevant; (2) that they are not otherwise procurable in advance of trial by the exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition. Nixon, 418 U.S. at 699-700.