UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————x

UNITED STATES OF AMERICA,

    -against-

20 CR 521 (CM)

JAMES CAHILL, et al.,

    Defendants.
——————————————————————x

DECISION AND ORDER GRANTING IN PART DEFENDANTS' PRETRIAL MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DATED OCTOBER 18, 2022

McMahon, J.:

    Defendants James Cahill, Robert Egan, Arthur Gipson and Kevin McCarron move for reconsideration of so much of the court's decision and order dated October 18, 2022 as held that 29 U.S.C. § 186 applied to the conduct charged in the indictment and so (1) denied the motion to dismiss Count III of the indictment (conspiracy to violate the Taft-Hartley Act), and (2) denied the motion to strike references to violations of the Taft-Hartley Act from among the racketeering acts comprehended in Count I of the indictment (Racketeering Conspiracy). I note that granting the motion would not have resulted in the dismissal of Count I and that nothing in the motion addresses the sufficiency of Count II (Honest Services Wire Fraud Conspiracy).

    I recognize that the motion for reconsideration "rehashes old arguments" that were previously considered by the court. However, in this instance, I have concluded that I moved too hastily in deciding the motion to dismiss. The better part of valor is to listen to the evidence adduced by the Government and then to consider whether the Government gets to the jury in

connection with the alleged Taft-Hartley violations. The Indictment is not really a "speaking indictment;" and while it identifies dates and individuals and amounts of alleged bribes, the paucity of detail about Employer 1, its employees and the jobs at issue (if any) makes it difficult to determine whether the Government's allegations—especially considered defendant by defendant (as required by law)—comport with the statutory requirement for violation of Taft-Hartley Section 186 as interpreted by the United States Court of Appeals for the Second Circuit. They might; they might not. The court deferred ruling on the other motions addressed to the sufficiency of the indictment in favor of listening to the evidence; I should have done no differently with respect to the aspect of the defense motions that addressed the Taft Hartley violations. This includes the argument made at page 5 of Cahill's reconsideration motion (in the paragraph that begins "Additionally"), which will also be dealt with at trial.

For that reason, so much of the October 18, 2022 decision and order as denied the defendants' motion to dismiss Count III and to strike certain Taft-Hartley material from Count I is vacated and the motions are denied without prejudice to renewal at the close of the Government's case.

Dated: November 2, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL