UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————x

UNITED STATES OF AMERICA,

-against-

20 CR 521-01 (CM)

JAMES CAHILL,

          Defendant.
——————————————————————————x

### ORDER NOTIFYING PARTIES THAT THE COURT IS CONSIDERING IMPOSING A SENTENCE ABOVE THE RECOMMENDED GUIDLEINES AND ADJOURNING SENTENCING

McMahon, J.:

On December 6, 2022, James Cahill pleaded guilty, pursuant to a plea agreement, to Count 2 of Indictment 20 CR 521 (CM), which charges him with conspiring with others, from at least in or about October 2018 up to and including in or about October 2020, to commit honest services wire fraud, in violation of Title 18, United States Code, Sections 1343, 1346 and 1349.

**Statutory Penalties**

Count Two carries *inter alia* a maximum term of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

**Guidelines Calculation**

In the Plea Agreement, the parties have stipulated to the following Guidelines calculation:

A. <u>Offense Level</u>

1. The November 1, 2021 edition of the Guidelines Manual is applicable to the offense charged in Count Two.

2. The Guideline applicable to the offense charged in Count Two is U.S.S.G. § 2B1.1.

3. Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is 7.

4. Pursuant to U.S.S.G. § 2B1.1(b)(1)(F), 10 levels are added because the loss amount was more than $150,000 but less than $250,000.

5. Pursuant to U.S.S.G. § 3B1.3, 2 levels are added because the defendant abused a position of public or private trust.

6. Pursuant to U.S.S.G. § 3B1.1(a), because the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, 4 levels are added.

7. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 20.

B. <u>Criminal History Category</u>

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history points, calculated as follows.

1. On or about May 7, 1998, in New York County Criminal Court, the defendant was convicted of driving while ability impaired by the consumption of alcohol, an infraction, in violation of New York Vehicle and Traffic Law § 1192(01), for which he received a conditional discharge and was ordered to pay a fine. Pursuant to U.S.S.G. § 4A1.2(e), this sentence results in zero criminal history points.

In accordance with the above, the defendant's Criminal History Category is I.

    C. <u>Sentencing Range</u>

        Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 33 to 41 months' imprisonment (the "Stipulated Guidelines Range").

Plea Agreement at 1-3.

**Probation Department Guidelines Calculation**

In its first draft of the Presentence Investigation Report the Probation Department agrees with the Guidelines analysis in the plea agreement.

**Notice of Possible Departure**

Pursuant to Fed. R. Crim P. 32(h) and U.S.S.G. § 6A1.4, the court hereby notifies the parties that it is considering an above-guidelines sentence.

After presiding over this eleven-defendant union corruption case for over two years, the court is intimately familiar with the facts. I am aware that corruption permeated the leadership of the two union locals involved, and that the union and its member continue to suffer the impact of these illegal activities. And I am aware that Cahill was the source of the rot -- not only taking by bribes himself, but by introducing other union leaders to engage in similar criminal activity, which has led to their own guilty pleas and sentence of incarceration.

To the extent that the calculation of the Stipulated Guidelines Range (which Probation confirms is a correct Guidelines calculation) relies on the amount of the bribes involved in this sting operation as the driving factor in setting the total offense level, it severely underestimates the extent of Cahill's admitted bribe taking. A footnote in the Plea Agreement reveals that Mr. Cahill has agreed not to dispute the fact that he has taken $100,000 or more in additional bribes over the course of the years. The parties may (and do) agree that these bribes do not constitute "relevant conduct" for Guidelines purposes,

but they most certainly are an essential part of my assessment of both the "history and the characteristics of the defendant" – one of the Section 3553(a) mandatory factors to be considered when fashioning a sentence -- and of whether the defendant's Criminal History (Category I) understates the extent of his criminal conduct over the years. It is also relevant to any argument defendant might make that he has "otherwise led" a law abiding life.

Additionally, while I appreciate that the Stipulated Guidelines calculation assigns a total of six points to account for the fact that Cahill was both a faithless fiduciary and a leader and manager in connection with the offense conduct, six points may not be adequate to reflect the harm Cahill did to his locals and to the members of his leadership team, who are convicted felons today because he, their leader, introduced them to a criminal opportunity and encouraged them to play along with the corruption of two union locals.

Finally, I view general deterrence as a particularly important feature in Cahill's case, and I am concerned that it may not be adequately addressed by a guidelines sentence.

Accordingly, the Court is considering a sentence in excess of the Stipulated Guidelines Range of 33-41 months. The parties are reminded that the Court is not a party to the Plea Agreement and is not bound in any way by their agreement that neither side would seek an above guidelines sentence or to argue to the court that one should be given. No party to the Plea Agreement is in breach of that provision.

**Sentencing is adjourned**

Counsel for Mr. Cahill has asked for an adjournment of sentencing until mid-May, citing various commitments before other courts. The adjournment request is granted: Mr. Cahill will be sentenced May 16, 2023, at 2:15 p.m.

Dated: February 1, 2023

_____
U.S.D.J.

BY ECF TO ALL COUNSEL